# SUPREME COURT OF TEXAS.

## AUSTIN TERM, 1854.

### CARTWRIGHT'S ADM'R v. JONES' ADM'R.

Where, in an action on a judgment, the defendant pleaded that the debt had been much more than paid in full; that on the 18th day of April, 1840, said defendant's intestate paid the sum of four hundred dollars on said judgment, for which he or his intestate had never received any credit; that said claim had been by mistake overpaid to the amount of three hundred dollars, or some other large sum of money; that on the said 18th day of April, 1840, said plaintiff acknowledged the receipt of the said sum of money, as will be shown in Court on the trial, &c.: *Held*, That under this plea, a letter bearing the date mentioned in the plea, from the attorney of record who had obtained the judgment for the plaintiff's intestate, to the defendant's intestate, acknowledging the receipt of four hundred dollars on the said judgment, was admissible evidence in proof of the payment.

In the absence of proof to the contrary, and notice to the opposite party, an attorney of record is authorized to receive payment, in money, of a judgment which he has obtained for his client.

Error from Fayette. Action by the plaintiff in error against the defendant in error on a judgment. Plea of payment. Verdict and judgment for the defendant. The other facts will be found in the opinion of the Court.

Vol. XIII.          1

*F. W. Chandler*, for plaintiff in error. The first error assigned is the Court's overruling plaintiff's objections to the defendant's reading in evidence the letter from John H. Herndon to John Rice Jones, dated 18th April, 1840, to prove the payment of $400 upon plaintiff's claim. The only answer that can be regarded as having reference to that payment, simply alleges that such an amount was paid on the day referred to ; and that the plaintiff's intestate acknowledged the receipt of the money. In that plea the plaintiff was not notified that the defendant would offer to prove a payment to John H. Herndon. If the defendant intended to give the plaintiff notice of the payment of the $400 to his intestate's attorney or agent, it was incumbent upon him, under our practice, to have averred that it was paid to the agent or attorney of his intestate, and either made an exhibit of his letter or receipt and attached it to his answer, or described its character, and the name of the agent or attorney that the payment was made to, in order to give the plaintiff at least fair notice of what he must be prepared to rebut. (Hart. Dig. p. 223, Art. 607.) Inasmuch as the defendant failed to describe the letter of Herndon with sufficient certainty to put the plaintiff upon notice of the character of payment, the objection to the introduction of the letter in evidence in the Court below, was well taken, and ought to have been sustained. The plaintiff had no opportunity of taking advantage of the defendant's failing to specify the character of payment that he intended to prove upon the trial, until he offered the letter in evidence, then he had a right to object to its introduction if the defendant had failed to make the proper averments to let it in, as he certainly had failed to do in this case. And the rule applies with more force in this case from the fact that the letter of Herndon shows that the payment, if any was made, was in notes and not money, when received by him of Jones. There is no proof that Herndon, if he was the attorney of Cartwright, had any authority to receive from Jones any thing but money in payment ; nor is there any proof that Herndon was the attorney or agent of

Cartwright on the 18th April, 1840, when the letter was written. If he was not, the letter could not prejudice the rights of the plaintiff. This Court has said " that it is essential to " state the facts on which the party intends to rely as consti- " tuting his cause of action or ground of defence." (1 Tex. R. 443 ; 2 Id. 206 ; Wright v. Wright, 3 Id. 180, 318.)

The letter could not be evidence of payment until the defendant established the fact that Herndon had authority from Cartwright to receive and receipt for the money due upon the judgment, or that Cartwright had subsequently ratified his acts, neither of which was proved, or offered to be proved, as will appear from the plaintiff's bill of exceptions and the statement of facts.

*Webb & Harcourt*, for defendant in error. The first assignment of error calls in question the admissibility of the letter from J. H. Herndon to John R. Jones, dated the 18th April, 1840, upon the ground :

1st. That the answer of the defendant below did not contain any averment under which the letter could have been introduced.

2nd. That the defendant did not prove that John H. Herndon, the party who signed the said letter, had any authority to receive or receipt for any part of the money due upon the judgment sued on.

The first objection urged to its introduction may be disposed of by simply referring to the amended answer filed by defendant on the 3rd day of May, 1852, containing a positive allegation of payment on the 18th day of April, 1840, and of the acknowledgment of its payment on that day, and also making profert of this acknowledgment.

The second ground we presume needs no comment, as it is not only the right, but in many cases the indispensable duty of an attorney to receipt for moneys received by him for his client. (Love v. Hall, 3 Yerg. R. 408 ; Hudson v. Johnson,

1 Wash. 10 ; Wycoff v. Bergen, Coxe, R. 214.) He has au-thority to receive the amount of a judgment recovered by his client, and to discharge it. (Langdon v. Potter, 13 Mass. 320 ; Lewis v. Gamage, 1 Pick. R. 347 ; Commissioners v. Rose, 1 Disaus. R. 469 ; Canterberry v. Commonwealth, 1 Dana, R. 416 ; Wilson v. Stokes, 4 Munf. R. 455 ; Branch v. Burnly, 1 Call, R. 147 ; —— v. Norton, 4 Conn. 517 ; Treasurer v. McDowell, 1 Hill, R. 184.)

LIPSCOMB, J. There has been but one ground of error as-signed that can be regarded of such importance as to require the notice of the Court. It is alleged that the Court below erred in not sustaining the objection made to the admissibility of the letter from the attorney, J. H. Herndon, acknowledging the payment of four hundred dollars, because the character of the evidence was not defined by the answer with sufficient certainty.

The answer states that the debt claimed by the plaintiff had been much more than paid in full ; that on the 18th day of April, 1840, said defendant's intestate paid the sum of four hundred dollars on said judgment, for which he, or his intes-tate, had never received any credit ; that said claim had been by mistake, overpaid to the amount of three hundred dollars, or some other large sum of money ; that on the said 18th day of April, 1840, said plaintiff acknowledged the receipt of the said sum of money as will be shown in Court on the trial thereof, &c. There was no exception taken to the form of this answer, and on the trial a letter from the plaintiff's attor-ney who had obtained the judgment in his favor, acknowl-edging the receipt of the four hundred dollars, bearing the date stated in the answer, was read in evidence. We can per-ceive no error in receiving the evidence objected to. The ac-knowledgment is for the receipt of so much money. If it had been for the receipt of property, or payment had been made in something else than money, it would have been necessary to state the facts as they existed.

The proof, however, corresponded with the allegation in the answer, that it had been paid at the time stated, and the receipt of the money acknowledged by the plaintiff's attorney. The question as to the precision with which payment should be alleged was discussed in the case of Wells v. Fairbanks, (5 Tex. R. 522,) in which it was ruled, that if a fact be pleaded the evidence of such fact may be submitted to the jury, although not specially developed in the pleading by a detail of all the attendant circumstances; that although a statement of the facts constituting the defence, is indispensable in our practice, it is not necessary to state such circumstances as are merely the evidence of these fact. In this case the fact material to the defence was the acknowledgment of the receipt of the money, on the day stated; the letter was the evidence of the fact alleged. The judgment is affirmed.

Judgment affirmed.